Ibrahim CAMARA, Petitioner,

v.

UNITED STATES ATTORNEY GENERAL,[1] Respondent.

No. 06–4967–ag.

United States Court of Appeals, Second Circuit.

June 22, 2007.

1. Pursuant to the respondent's request, and in light of 8 U.S.C. § 1252(b)(3)(A), the official caption is amended to reflect the Attorney General as the proper respondent.

Barry R. Goldberg, New York, NY, for Petitioner.

Peter D. Keisler, Assistant Attorney General, Aviva L. Poczter, Senior Litigation Counsel, Nehal H. Kamani, Trial Attorney, Washington, D.C., for Respondent.

PRESENT: Hon. RALPH K. WINTER, Hon. CHESTER J. STRAUB and Hon. RICHARD C. WESLEY, Circuit Judges.

### SUMMARY ORDER

Petitioner Ibrahim Camara, a citizen of Mauritania, seeks review of a September 29, 2006 order of the BIA affirming the April 4, 2005 decision of Immigration Judge ("IJ") Vivienne E. Gordon–Uruakpa denying his applications for asylum and withholding of removal. *In re Ibrahim Camara,* No. A73 548 162 (B.I.A. Sept. 29, 2006) *aff'g* No. A73 548 162 (Immig. Ct. N.Y. City Apr. 4, 2005). We assume the parties' familiarity with the underlying facts and procedural history of the case.

When the BIA agrees with the IJ's conclusion that a petitioner is not credible and, without rejecting any of the IJ's grounds for the decision, emphasizes particular aspects of that decision, this Court reviews both the BIA's and IJ's opinions— or more precisely, the Court reviews the IJ's decision including the portions not explicitly discussed by the BIA. *Yun–Zui Guan v. Gonzales,* 432 F.3d 391, 394 (2d Cir.2005). We review the agency's factual findings, including adverse credibility determinations, under the substantial evidence standard, treating them as "conclusive unless any reasonable adjudicator would be compelled to conclude to the contrary." 8 U.S.C. § 1252(b)(4)(B); *see Zhou Yun Zhang v. INS,* 386 F.3d 66, 73 & n. 7 (2d Cir.2004).

In this case, we find that the IJ's adverse credibility determination is supported by substantial evidence. In making that determination, the IJ relied upon numerous inconsistencies and discrepancies both between Camara's written application and his testimony, and within his testimony itself. The discrepancies relied upon, which are supported by the record, were both material and went to the heart of Camara's claim. *Zhou Yun Zhang,* 386 F.3d at 74. For example, Camara testified at one point that there were no churches in Mauritania, but testified at another point that his family helped form a church. He also gave two separate names for that church, and the IJ found his explanation for the different names unconvincing. In addition, Camara claimed in his asylum

**704**

application that he was targeted by the government for his activities as a missionary, but he later testified that it was his parents, not himself, who were involved in missionary activities.

The adverse credibility finding was not without error. For example, the IJ improperly relied upon Camara's lack of doctrinal knowledge regarding Catholicism. *See Rizal v. Gonzales,* 442 F.3d 84, 90 (2d Cir.2006). As we have held, "history and common sense make amply clear that people can identify with a certain religion, notwithstanding their lack of detailed knowledge about that religion's doctrinal tenets, and that those same people can be persecuted for their religious affiliation." *Id.* Nevertheless, we deny the petition for review because the adverse credibility finding is otherwise supported by the record and we can confidently predict the same result on remand. *See Cao He Lin v. U.S. Dep't of Justice,* 428 F.3d 391, 395 (2d Cir.2005).

Because the only evidence of a threat to the petitioner's life or freedom depended upon the petitioner's credibility, the adverse credibility determination in this case necessarily precludes success on the claim for withholding of removal. *See Paul v. Gonzales,* 444 F.3d 148, 156 (2d Cir.2006).

For the foregoing reasons, the petition for review is DENIED. The pending motion for a stay of removal in this case is DENIED as moot.